21-1941-pr
Ash v. Johnston

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-four.

PRESENT: JON O. NEWMAN,
JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

DAMON ASH,

     *Plaintiff-Appellant*,

     v.                     No. 21-1941-pr

CORRECTIONAL OFFICER
NATHAN J. JOHNSTON,
Correctional Officer, Clinton
Correctional Facility,
CORRECTIONAL OFFICER SETH
M. BOMBARD, Correctional Officer,
Clinton Correctional Facility,

     *Defendants-Appellees*,

LIEUTENANT J. E. MILLER,
Correctional Lieutenant, Clinton
Correctional Facility, NURSE D.
MACEY, Correctional Nurse, Clinton
Correctional Facility,

   *Defendants.*
-------------------------------------------------------------------

FOR APPELLANT:     MATTHEW B. BYRNE, Gravel & Shea PC,
             Burlington, VT

FOR APPELLEES:     DOUGLAS WAGNER, Assistant Solicitor
             General (Barbara D. Underwood, Solicitor
             General, Andrea Oser, Deputy Solicitor
             General, *on the brief*), *for* Letitia James,
             Attorney General of the State of New York,
             New York, NY

Appeal from a judgment of the United States District Court for the

Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Damon Ash appeals from a judgment of the United

States District Court for the Northern District of New York (D'Agostino, *J.*)

related to claims he brought under 42 U.S.C. § 1983.  Ash's complaint alleges that

two corrections officers used excessive force against him in violation of the

Eighth Amendment of the United States Constitution.  That claim was tried

before a jury, which found in favor of the officers. On appeal, Ash challenges the District Court's jury instructions, as well as its pretrial dismissal of his First Amendment free-exercise and retaliation claims against the two officers and his Eighth Amendment claim of medical indifference. He further asserts that the District Court erroneously failed to recognize his Fifth Amendment claim under the Double Jeopardy Clause that he was denied adequate medical care as punishment for his underlying offense and his related "Constitutionally Inappropriate Adjudication Claim." Appellant's Br. 12. Finally, Ash challenges the District Court's order denying leave to amend his complaint. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Eighth Amendment Claims

Shortly before trial on Ash's excessive-force claim, Ash proposed jury instructions relating to that claim. The District Court accepted his proposed instructions and delivered them to the jury along with a clarifying instruction that Ash also proposed. Dist. Ct. Dkt. No. 116, at 12–13 ("In the context of an excessive force claim, the key inquiry is whether the defendant applied force in a

good faith effort to maintain or restore discipline or whether the defendant acted maliciously and sadistically for the very purpose of causing harm.").

On appeal, Ash focuses on that part of the jury instructions requiring that he "prove the prison guards acted 'maliciously and sadistically.'" Appellant's Br. 23. He now argues that the instructions improperly burdened him with proving "more than [that] the [prison] guards acted in bad faith." Appellant's Br. 23. This argument fails at the outset because Ash cannot challenge on appeal a jury instruction he requested and to which he failed to object. *See United States v. Quinones*, 511 F.3d 289, 320–21 (2d Cir. 2007); *United States v. Ferguson*, 758 F.2d 843, 852 (2d Cir. 1985).

To establish a medical indifference claim, a prisoner must prove "deliberate indifference to [his] serious medical needs," which requires a "sufficiently serious" alleged deprivation of treatment and that the defendant both "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted).

Even if we construe Ash's complaint liberally to assume that the unnamed "nurse" referred to in the body of his complaint is Nurse Macey, Ash has not shown that Nurse Macey acted with deliberate indifference. The minimal

4

allegations asserted in Ash's complaint do not establish that Nurse Macey knew of and disregarded a serious medical risk to Ash.

## II.    Fifth Amendment Claims

Nor are we persuaded that Ash's allegations of inadequate medical care support his Fifth Amendment double jeopardy claim.  *See* U.S. Const. amend. V. Even assuming Ash's complaint can be read to assert such a claim, it fails because the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense, . . . and then only when such occurs in successive proceedings."  *Hudson v. United States*, 522 U.S. 93, 99 (1997). The relevant jeopardy "is not present in proceedings that are not essentially criminal," *Breed v. Jones*, 421 U.S. 519, 528 (1975) (quotation marks omitted), and "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended," *United States v. Khalil*, 214 F.3d 111, 117 (2d Cir. 2000) (quotation marks omitted).  For these reasons, we conclude that the Double Jeopardy Clause does not apply to the facts alleged in Ash's complaint.

Ash's "Constitutionally Inappropriate Adjudication" claim, Appellant's Br. 12, fails for a similar reason. Ash has failed to show that an "essentially criminal" proceeding was carried out by any of the Defendants-Appellees.

## III. First Amendment Claims

The District Court dismissed Ash's two claims arising under the First Amendment (infringement of his free exercise rights and retaliation for exercising his religious rights) because, among other defects, the complaint fails to identify any underlying First Amendment speech or activity that was burdened by the alleged conduct. We agree.

To assess a free-exercise claim, a court must determine "(1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers . . . legitimate penological objective[s]." *Kravitz v. Purcell*, 87 F.4th 111, 128 (2d Cir. 2023) (quotation marks omitted). Ash's claim fails on prongs one and two because he does not adequately allege what specific religious practice was burdened, how it was burdened, or that his religious beliefs were sincerely held. *See Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988).

6

For similar reasons, Ash's First Amendment retaliation claim fails because the complaint does not allege sufficiently specific facts as to what speech or conduct was protected and the causal connection between any speech or conduct and the excessive force used. *See Holland v. Goord*, 758 F.3d 215, 225–26 (2d Cir. 2014).

## IV. Leave to Amend

Finally, we turn to the District Court's denial of Ash's motion seeking leave to amend his complaint, which we review for abuse of discretion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007). On appeal, Ash argues that the District Court improperly denied his motion for leave to amend because it did not provide any reasons for doing so beyond Ash's untimeliness. To be sure, the District Court denied Ash's motion as untimely without further explanation. We may affirm, however, on any basis in the record. *See Freidus v. Barclays Bank PLC*, 734 F.3d 132, 138 n.2 (2d Cir. 2013). Based on our review of the record, we conclude that Ash failed to show "good cause" for not meeting the deadline fixed by the District Court's scheduling order. Fed. R. Civ. P. 16(b)(4); *see Kassner*, 496 F.3d at 243–44. Ash alluded to his pending state court case as the reason for his delay, but he does not explain why

7

this would prevent timely filing.  Accordingly, we conclude that the District Court did not abuse its discretion in denying leave to amend.

We have considered Ash's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court